UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD G. ROCK, an individual, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> BANK OF AMERICA, N.A., fka ) <br> COUNTRYWIDE HOME LOANS ) <br> SERVICING, LP; DOES I-X and ROE ) <br> CORPORATIONS I-X, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:14-cv-01496-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendant Bank of America, N.A., as successor by merger to BAC Home Loan Servicing LP fka Countrywide Home Loans Servicing, LP ("BOA"). Plaintiff Richard G. Rock ("Plaintiff") filed a Response in Opposition (ECF No. 5), and BOA filed a Reply (ECF No. 8).

For the reasons addressed below, BOA's motion is granted.

**I.     BACKGROUND**

This case arises out of the foreclosure by BOA's predecessor in interest of certain real property owned by Plaintiff along with another individual, William Turbay. According to the Complaint (ECF No. 1-1), Plaintiff and Turbay, entered into an agreement with an individual named Clay Lombardo to sell and lease back real property located at 5447 East Fire Island Drive, Las Vegas, Nevada 89120 (the "Property"). (Compl. ¶ 4, ECF No. 1-1). Under the agreement, Lombardo would purchase the Property for $950,000 and give Plaintiff and Turbay a lease with the option to buy back the Property. (*Id.*). The purchase of the Property was financed by Countrywide Home Loan Servicing LP ("Countrywide") with a $712,500 loan secured by a senior deed of trust that was recorded on October 25, 2006. (*Id.*); *see* (Grant,

Bargain, and Sale Deed, ECF No. 4-1; Senior Deed of Trust, ECF No. 4-3).[1] On November 22, 2006, Lombardo quitclaimed the Property back to Plaintiff and Turbay; however, the quitclaim deed was not recorded with the Property's legal description until September 24, 2010. *See* (Unrecorded Quitclaim Deed, ECF No. 4-12; Re-recorded Quit Claim Deed, ECF No. 4-13).[2]

Plaintiff alleges that under the agreement, Plaintiff and Turbay were to make their lease payments directly to Countrywide, and those payments would be used to pay down the loan secured by the Deed of Trust. (Compl. ¶ 4, ECF No. 1-1). Plaintiff further alleges that for over two years, he made payments to Countrywide totaling over $200,000. (*Id.* ¶ 5). After this time, Lombardo was obligated under the agreement to begin making payments on the loan. (*Id.* ¶ 12). However, Lombardo defaulted on the loan on June 1, 2009 and a Notice of Default was recorded against the Property on September 28, 2009. (Notice of Default, ECF No. 4-5). A Notice of Trustee's Sale was recorded on August 20, 2010. (First Notice of Trustee's Sale, ECF No. 4-9). A second Notice of Trustee's Sale was recorded on December 28, 2010. (Second Notice of Trustee's Sale, ECF No. 4-10). The Property was subsequently sold at a trustee's sale on April 29, 2011, and the Trustee's Deed was recorded on September 21, 2011. (Trustee's Deed, ECF No. 4-11).

Plaintiff and Turbay, proceeding pro se, filed an action against BOA as successor to Countrywide on July 16, 2012 in state court, alleging (1) wrongful foreclosure, (2) quiet title, (3) wrongful eviction, (4) wrongful writ of possession, (5) declaratory relief, (6) slander of title, and (7) injunctive relief. (2013 Mahan Order, ECF No. 4-15). That action was subsequently removed to this Court, and on March 18, 2013, Judge Mahan granted a motion filed by BOA

---

[1] The Court takes judicial notice of Exhibits A-N of BOA's Motion to Dismiss. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's office.

[2] Though not alleged in the Complaint, at the time of the lease agreement, Plaintiff and Turbay were both in Chapter 11 Bankruptcy and the sale and leaseback of the Property was designed to pay off some of their creditors. *See* (Bankruptcy Order, ECF No. 4-2).

dismissing the complaint without prejudice. (*Id.*).

On April 17, 2014, Plaintiff—this time represented by counsel—initiated the current action in state court, alleging (1) fraud, (2) promissory estoppel/detrimental reliance, (3) intentional misrepresentation, (4) unjust enrichment, and (5) preliminary and permanent injunctive relief. (Compl., ECF No. 1-1).  The action was subsequently removed to this Court on September 15, 2014. (Not. of Removal, ECF No. 1).  BOA then filed the pending Motion to Dismiss.

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.   DISCUSSION

#### A.   Unjust Enrichment and Injunctive Relief

As an initial matter, Plaintiff's claims for unjust enrichment and injunctive relief are wholly without merit and must be dismissed with prejudice.  For his unjust enrichment claim, Plaintiff alleges that BOA was unjustly enriched by accepting Plaintiff's payments on the loan and then subsequently foreclosing on the Property. (Compl. ¶¶ 41–46, ECF No. 1-1).  However, there is no contention that the loan or Deed of Trust on the Property were invalid.  Therefore,

BOA was entitled to any payments it received under the terms of the loan and was not unjustly enriched or precluded from foreclosing on the Property. *See Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1071–72 (D. Alaska 2012) ("Chase was entitled to any payments it received under the terms of the Note, and accordingly, it was not 'enriched.' Moreover, there was nothing 'unjust' about the payments . . . ."); *see also Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam) ("The doctrine of unjust enrichment . . . applies to situations where . . . the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another or should pay for."). Therefore, Plaintiff's unjust enrichment claim must fail.

For his injunctive relief claim, Plaintiff asks for an injunction staying any proceeding auctioning or removing Plaintiff from the Property. (Compl. ¶ 54, ECF No. 1-1). This claim, however, appears to be nothing more than a repackaging of the wrongful foreclosure and wrongful eviction claims that were previously rejected by Judge Mahan. *See* (2013 Mahan Order 6:1–7:15, ECF No. 4-15). Therefore, Plaintiff is precluded from relitigating this claim. *See Deutsch v. Flannery*, 823 F.2d 1361, 1364 (9th Cir. 1987) ("It matters not that the prior action resulted in a dismissal without prejudice, so long as the determination being accorded preclusive effect was essential to the dismissal."). Moreover, "[t]here is no cause of action for declaratory or injunctive relief—these are remedies, not claims for relief." *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367 JCM PAL, 2013 WL 1145212, at *5 (D. Nev. Mar. 18, 2013). Therefore, Plaintiff's "cause of action" for injunctive relief must fail.

**B.   Fraud**

Plaintiff's first three claims for fraud, promissory estoppel, and intentional misrepresentation are in fact only one claim for fraud restated three times. *See* (Compl. ¶¶ 15–40, ECF No. 1-1) (using virtually verbatim language in stating all three claims). In his fraud claim, Plaintiff contends that an unnamed "General Manager of Countrywide" designed the

transaction of selling the Property to Lombardo and told Plaintiff that by making payments directly to Countrywide as "rent" Countrywide would treat Plaintiff and Turbay as the owners of the Property. (*Id.* ¶ 16). Plaintiff further alleges that he paid Lombardo $50,000 to purchase the Property and then to reconvey the Property back to him and Turbay with an unrecorded quitclaim deed. (*Id.*). Plaintiff further contends that Countrywide promised to treat him as the owner of the Property and failed to disclose that Lombardo was a "straw buyer" who was addicted to narcotics. (*Id.* ¶¶ 16–18).

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). Furthermore, a claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).

In its motion, BOA contends that Plaintiff's fraud claim must fail because he has failed to plead his claim with sufficient specificity. (MTD 8:1–9:9, ECF No. 4). Plaintiff counters by asserting numerous additional facts, including that Lombardo was the husband of Countrywide's loan originator Catherine Camacho Lombardo, that Plaintiff paid Lombardo $50,000 in cash and $150,000 in emeralds to enter into the agreement, and that BOA is responsible for "the ongoing, systemic, unconscionable fraud . . . on the global population" involving the making, packaging, and selling of bad loans. (Resp. 2:21–4:10, 4:24–6:20, ECF No. 5). However, this Court may not consider additional facts not alleged in the Complaint in ruling on a motion to dismiss. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Moreover, even if the Court did consider Plaintiff's additional allegations, he has still failed to plead his fraud claim with the required specificity. A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Here, Plaintiff has failed to identify the time and place of the alleged misrepresentation or name the alleged "General Manager of Countrywide" who structured the sale and leaseback of the Property.

Additionally, it is somewhat unclear what Plaintiff is even alleging as the misrepresentation giving rise to his claim. The most likely candidate seems to be Plaintiff's allegation that the General Manager of Countrywide promised that Plaintiff would be "recognized as the owner" of the Property. (Compl. ¶ 17, ECF No. 1-1). Plaintiff, however, has failed to allege how this representation was false or led to his damages. (*Id.*). Plaintiff appears to imply that the false representation led to the foreclosure of the Property, but Plaintiff also admitted that he ceased making payments on the mortgage. (*Id.* ¶ 5). Therefore, Countrywide appears to have treated Plaintiff the same way it would any other property owner who failed to pay their mortgage by initiating foreclosure proceedings on the Property.[3] Accordingly, Plaintiff has failed to sufficiently allege his fraud claim.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Bank of America's Motion to Dismiss (ECF No. 4) is **GRANTED**. Plaintiff's claims for unjust enrichment and injunctive relief are dismissed with prejudice. Plaintiff's remaining claim for fraud is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall have until twenty-one days from the

---

[3] To the extent Plaintiff contends he should have received notice of the foreclosure proceedings, this argument has already been rejected by Judge Mahan in his dismissal of Plaintiff's earlier action. (2013 Mahan Order 6:1–24, ECF No. 4-15). As explained in that Order, at the time notice was issued, Plaintiff's interest in the Property was unrecorded and Nevada's foreclosure statutes do not require notice be given to persons holding unrecorded interests in property. (*Id.*).

date of this Order to file an amended complaint alleging sufficient facts to assert his fraud claim. Failure to file an amended complaint by this time will result in dismissal of this action with prejudice.

      **DATED** this 14th day of April, 2015.

                                                  _____
                                                  Gloria M. Navarro, Chief Judge
                                                  United States District Judge